## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALYSSA JASMINE BULLARD and SHARON BULLARD, ) ) ) | |
| Plaintiffs, ) ) ) | **MEMORANDUM OPINION AND RECOMMENDATION** |
| v. ) ) | 1:09CV362 |
| SCOTLAND HEALTH CARE SYSTEM and/or SCOTLAND MEMORIAL HOSPITAL, INC., d/b/a SCOTLAND URGENT CARE CENTER; GENE MCLAUGHLIN, PA-C, and JENNIFER ROBERSON, M.D., UNITED STATES OF AMERICA, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the Court on Defendant United States of America's Motion to Dismiss or in the Alternative Motion for Summary Judgment (docket no. 10). Defendant contends that Jennifer Roberson, M.D. was a federal employee by virtue of her employment at Maxton Medical Center, and that Plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act ("FTCA"). Plaintiffs have failed to file a response within the time required by Local Rule 7.3(f); therefore Defendant's motion is considered uncontested and is now ripe for disposition. Given that the parties have not consented to the jurisdiction of a magistrate judge, the court must deal with the motion by way of recommendation.

For the reasons set forth herein, it will be recommended that Defendant's motion be granted.[1]

**I. BACKGROUND**

Plaintiffs Alyssa Bullard and Sharon Bullard ("Alyssa," "Sharon," or "Plaintiffs") brought this action in Scotland County Superior Court on April 3, 2009. In the complaint, Plaintiffs allege that on or about December 4, 2005, Alyssa, Sharon's sixteen- year-old daughter, was examined at Scotland Urgent Care for complaints of stomach pain. (Compl. ¶ 5). Defendant McLaughlin examined Alyssa, determined she had an infection in her urine, and discharged her with instructions to be rechecked the next day "to rule out early appendicitis." (*Id.*) The next day, Monday, December 5, 2005, Alyssa stayed home from school. A doctor from Scotland Urgent Care called Sharon and told her to take Alyssa to her family doctor to be checked out. (*Id.* ¶ 6). Alyssa then was examined by Defendant Roberson at Maxton Medical Clinic. Alyssa was still having stomach pain. Dr. Roberson noted the infection in her urine, but diagnosed her with a virus and told her she could return to school on Wednesday. (*Id.* ¶ 7).

---

[1] Where a party fails to file a timely response, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Local Rule 7.3(k). Because Plaintiffs failed to file a timely response, Defendant's motion to dismiss could be granted as a matter of course under this local rule. Nevertheless, in an effort to ensure that Plaintiffs are not unduly penalized for their counsel's failure, the court will consider the merits of Defendant's motion.

On Saturday December 10, 2005, the complaint alleges, Alyssa was still not better, so her father took her to the Emergency Room at Scotland Memorial Hospital in Laurinburg, North Carolina. A C.T. scan revealed that Alyssa had a perforated appendix. Dr. Amy Olsen performed a laproscopic exploration and drainage of abscesses and appendectomy on December 11, 2005. (*Id.* ¶ 8). Further surgery was required the next day. Alyssa's recovery was slow; she was released from the hospital on December 23, 2005, still requiring a wound vacuum. (*Id.* ¶ 9).

Plaintiffs brought this action against the clinic and health care professionals who treated Alyssa on December 4 and 5, 2005.[2] The complaint alleges that Defendant Roberson was employed at Maxton Medical Center d/b/a Robeson Health Care Corporation in Maxton, North Carolina. (Compl. ¶ 4).

On May 19, 2009, Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, pursuant to the provisions of Title 28 U.S.C. § 2678(d), certified that Defendant Roberson, an employee of the Robeson Health Care Corporation, Maxton Medical Center, was acting within the scope of her employment as an employee of the United States of America at the time of the actions alleged in the complaint. On the same day, Defendant United States of America removed the action to this court (docket no. 1). Simultaneously with the filing of the Notice of Removal, the United States of America filed a Notice of Substitution to be substituted

---

[2] On November 26, 2008, Plaintiffs had filed a Motion and Order Extending the Statute of Limitations in Medical Malpractice Action in Scotland County Superior Court, allowing them until April 3, 2009, to file their state court action.

in place of individual Defendant Jennifer Roberson, M.D. (docket no. 3). On June 24, 2009, the United States filed a motion to dismiss or in the alternative for summary judgment based on failure to exhaust administrative remedies. (docket no.10).

## II. DISCUSSION

Pursuant to the Federal Tort Claims Act ("FTCA"),

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This section "contains a limited waiver of the United States's sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries resulting from certain torts of employees of the government acting within the scope of their employment." *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996). Furthermore, the FTCA "provides that a suit against the United States is the *exclusive* remedy for damages for injury or loss of property 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 395 (S.D.N.Y. 2003) (emphasis added) (quoting 28 U.S.C. § 2679(b)(1)). Federal

-4-

employees thus enjoy "absolute immunity from liability in tort for actions within the scope of their employment." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 594 n.10 (4th Cir. 2006).

The Public Health Service Act ("PHSA"), "as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 *et seq.* (the "FSHCAA"), provides that eligible community health centers and their employees are employees of the PHS [Public Health Service] for certain purposes. The Secretary of Health and Human Services deems a community health center a PHS employee after the center has qualified for certain federal assistance." *Celestine*, 289 F. Supp. 2d at 395 (citing 42 U.S.C. § 233(g)(1)(A)(G)). As Section 233(a) states:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). Thus, once a community health center is deemed a PHS employee, it "enjoys immunity from those acts that relate to its employment, and any actions against it are treated as actions against the United States." *Celestine*, 289 F. Supp. 2d at 395 (citing 42 U.S.C. § 233(a)). Further, in addition to any entity receiving funds under 42 U.S.C. § 254b, "any officer, governing board member, or

-5-

employee of such an entity . . . shall be deemed to be an employee of the Public Health Service." 42 U.S.C. § 233(g)(1)(A); *see Barnaby v. Quintos*, 410 F. Supp. 2d 142, 143 n.1 (S.D.N.Y. 2005). The FTCA is the "exclusive remedy for specified actions against members of the Public Health Service." *Celestine*, 289 F. Supp. 2d at 395 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 107 ($2^d$ Cir. 2000)).

The Secretary of Health and Human Services has the authority to deem entities as PHS employees under 23 U.S.C. § 233(g), and this authority has been delegated to the Associate Administrator, Bureau of Primary Health Care ("BPHC"), Health Resources and Services Administration. (Declaration of Meredith Torres ¶ 5). On June 21, 1996, the BPHC issued a letter to Robeson Health Care Corporation ("RHCC"). In relevant part, the letter stated that "[t]he [BPHC] . . . deems [RHCC] to be an employee of the United States Government, effective June 23, 1996." (Decl. of Meredith Torres, Gov't. Ex. A, Ex. 1). Section 224(a) of the PHS provides medical malpractice liability protection under the FTCA, 28 U.S.C. § 2671 (2006), *et seq*. Effective October 1, 2002, the BHPC required that all deemed health centers reapply for malpractice protection each year in order to continue receiving the medical malpractice protection under the FSHCAA. On June 14, 2005, RHCC received a second deeming letter, similar to the one issued in 1996. The letter identifies the effective dates of medical malpractice coverage as January 1, 2005, through December 31, 2005. Similar deeming letters were issued

by the Department of Health and Human Services to renew RHCC's deemed status effective for the years 2006 - 2009. (GE A, Ex. 1).

If the Attorney General certifies that the defendant "was acting in the scope of his employment at that time of the incident out of which the suit arose, any civil action or proceeding commenced in State court shall be removed" to federal court "and the proceeding shall be deemed a tort action brought against the United States." 42 U.S.C. § 233(c). Likewise, 28 U.S.C. § 2679(d)(2) provides that once the Attorney General makes this certification, the action "shall be removed" and "shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." By regulation, United States Attorneys are authorized to issue certifications on behalf of the Attorney General. *See* 28 C.F.R. § 15.3(a).

The United States Attorney for the Middle District of North Carolina has certified that at the time of the conduct alleged in the complaint, Defendant Roberson was an employee of RHCC and that, while working at one of RHCC's deemed delivery sites, Maxton Medical Center, Dr. Roberson was acting within her official capacity and within the scope of her employment as an employee of the United States. As such, it is undisputed that Dr. Roberson is covered by the FTCA.

As noted, the FTCA contains a limited waiver of the United States' sovereign immunity. *Robb*, 80 F.3d at 887. Because "[t]he United States, as sovereign, is

immune from suit save as it consents to be sued, . . . the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  One of the prerequisites to bringing a claim under the FTCA is the exhaustion of administrative remedies before bringing suit. Specifically, 28 U.S.C. § 2675 states in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  Exhaustion of administrative remedies is a jurisdictional requirement; if the plaintiff has not exhausted his or her administrative remedies, the court must dismiss for lack of subject matter jurisdiction.  *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Here, the United States has put forth evidence that Plaintiffs did not exhaust their administrative remedies.  Specifically, the declaration of Meredith Torres, a senior attorney in the Office of General Counsel for the Department of Health and Human Services, indicates the Department has a Claims Office that "maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for [FTCA] malpractice coverage" and that on

searching this database, she found no record of an administrative tort claim filed by Plaintiffs relating to the health center or Dr. Roberson. (Torres Decl. ¶¶ 2, 4). Plaintiffs, having filed no response to this motion, do not contest Defendants' argument that they did not file an administrative tort claim in writing to the Department of Health and Human Services relating to RHCC, Maxton Medical Center, or Jennifer Roberson, and thus have not exhausted their administrative remedies. Accordingly, this court will recommend that the United States of America's Motion to Dismiss be granted, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant United States of America's unopposed Motion to Dismiss or in the Alternative for Summary Judgment (docket No. 10) as to the Defendant Jennifer Roberson, M.D. be **GRANTED** and that this action as against Defendant Roberson (and by substitution, the United States of America) be dismissed for failure to exhaust administrative remedies. In light of this recommendation, this court does not have jurisdiction over Plaintiffs' claims as against the remaining Defendants. As such, these claims should be remanded to state court.

_/s/ Wallace W. Dixon_
WALLACE W. DIXON
United States Magistrate Judge

September 3, 2009